WILLIAM E. MAGEE and Other Tenants Similarly Situated, Plaintiffs, *v.* ROBERT MOSES, etc., and Others, Defendants.*

Supreme Court, New York County, May 1, 1934.

*Sidney S. Levine* for the plaintiffs, for the motion.

*Paul Windels, Corporation Counsel* [*William B. Herlands, Assistant Corporation Counsel,* of counsel], for the defendants, opposed.

LEVY, J. This is a motion for a temporary injunction restraining the defendant Moses, as park commissioner of the city of New York, and the city itself from evicting plaintiff and other persons similarly situated from premises which they are occupying at Orchard Beach in Pelham Bay Park. The motion also seeks a mandatory injunc-

---

* See *Columbia Yacht Club* v. *Moses,* 151 Misc. 830.

tion to restore a certain road leading to the premises so as to permit plaintiff and others to pass freely over it. Plaintiff and others are in occupancy under the terms of a permit pursuant to New York City Local Law No. 10, passed June 29, 1927, which provides that the commissioner of parks may permit the temporary use and occupation of Orchard Beach until such time as it should actually be laid out and utilized for park purposes. The conditions of such occupation are the collection of a " rental." Pursuant to this law the park commissioner has been renting camp sites to persons for the months of June, July and August at the rate of ten dollars per month. Any occupant who desires to keep his floor in the park during the winter months pays ten dollars additional. The holder of the permit agrees to vacate the camp site earlier on receipt of notice to do so. A plan for the development of Orchard Beach having actually been adopted, the park commissioner issued orders to the occupants of bungalow sites to vacate by June 1, 1934.

Plaintiff's particular grievance is that the commissioner has threatened to remove his bungalow for failure to pay ten dollars " rental " due up to June 1, 1934. He also alleges that a great deal of personal property of other tenants similarly situated has already been destroyed and also that the roads leading to the bungalows have been torn up so as to make egress and removal of the property difficult, if not impossible. Claiming that the conventional relation of landlord and tenant exists and not that of licensor and licensee, he urges that his liability for rent has ceased by reason of partial actual eviction due to the blocking of the road.

At the outset I cannot accept plaintiff's view that the relation of landlord and tenant is involved in this case. The mere use of the word " rental " in the local law does not necessarily constitute any such relation. Even if New York City Local Law No. 10 is to be construed as authorizing a lease by the establishment of definite terms of occupation, it is clear that the actual relation between the city and the occupants is that of licensor and licensee. The so-called lease is really a permit revocable at any time. For the period of the winter months and the time up to June 1, 1934, a specific license fee of ten dollars, which is not a rental in the technical sense of the term, is charged. Plaintiff has not even paid that accrual. This alone, of course, would not justify defendants in treating him as an outlaw and in ruthlessly destroying his property as claimed. I do not attempt to pass upon that issue in the controversy.

At all events, plaintiff and others similarly situated should be given fair opportunity to remove their belongings. They have

been extended the right to do so to June 1, 1934. If their right to remove has been interfered with by the tearing up of the roads, this presents a further issue of fact. In any case, up to the trial of the action, there should be no further interference with ingress or egress for the purpose of permitting occupants to remove their property. To what extent defendants should be further enjoined from interfering with the possession of plaintiff and others similarly situated and whether or not the park commissioner should be required to repair the roads so as to permit the better removal of these belongings is a matter which should be determined at an immediate trial, after the joinder of issue, which I set for the 14th day of May, 1934. Meanwhile defendants will be enjoined from removing any of the property of plaintiff and others similarly situated. Settle order on one day's notice, providing for an undertaking in the sum of $250.